564 A.2d 270

Lawrence R. SELLARS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, INSURANCE DEPARTMENT, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided July 27, 1989.

Publication Ordered Sept. 28, 1989.

Robert E. Welsh, Jr., Philadelphia, for petitioner.

Zella M. Smith, Asst. Counsel, Ins. Dept., Victoria A. Reider, Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, for respondent.

Before BARRY and McGINLEY, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Lawrence Sellars (petitioner) petitions for review of an order of the Insurance Commissioner (Commissioner), revoking all insurance licenses held by petitioner and invoking a civil penalty of $3000. We affirm.

The Insurance Department initiated this action on January 9, 1987, alleging that petitioner had violated the insurance laws. Following a hearing, the Commissioner found that in October of 1982, petitioner was convicted in Alaska for fraudulent violations in connection with the insurance business. The convictions were overturned on appeal. As part of a plea bargain arrangement, petitioner subsequently pled nolo contendere to a count of scheming to defraud in connection with insurance matters in the State of Alaska, was placed on probation, and was ordered to pay $75,000 in restitution. The Insurance Department was aware of this in 1984. In July of 1984, petitioner submitted two applica-

tions for an agent's license to the State of Pennsylvania, which were approved in August of 1984.

On each of the applications, petitioner answered, "No" to the question, "Have you ever been convicted of a crime." At the time that petitioner answered the question, his convictions were on appeal, but had not yet been overturned.

The Commissioner held that petitioner violated sections 4 and 5 of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, *as amended*, 40 P.S. §§ 1171.4 and 1171.5, by falsely stating on two applications that he had not been convicted of any crime, when in fact, he had been convicted in connection with a fraudulent insurance program in Alaska in 1982.

 Petitioner contends that the Insurance Department's action is barred by section 5524(5) of the Judicial Code, 42 Pa.C.S. § 5524(5), because the Insurance Department knew in 1984 of petitioner's criminal convictions,[1] but waited until January 9, 1987 to file its order to show cause seeking revocation of petitioner's license.

Section 5524(5) of the Judicial Code provides:

The following actions and proceedings must be commenced within two years.

. . . .

(5) an action upon a statute for a civil penalty or forfeiture.

In *Department of Transportation v. Rockland Construction Co.*, 498 Pa. 531, 448 A.2d 1047 (1982), and in *Department of Transportation v. J.W. Bishop & Co.*, 497 Pa. 58, 439 A.2d 101 (1981), our Supreme Court reaffirmed the rule that a statute of limitation is not applicable to actions brought by the state unless the statute so provides. Because section 5524(5) of the Judicial Code does not expressly provide for its application to the state, the statute does not apply. The rationale is that such rules designed

1. Although the Insurance Department knew of the convictions, it in no way authorizes a false statement in petitioner's application.

for private litigants do not apply to the state, thereby promoting the public interest. This doctrine comports with section 1922(5) of the Statutory Construction Act, 1 Pa.C.S. § 1922(5), which provides that in ascertaining the intent of the legislature, the general assembly intends to favor the public interest as opposed to private interests. Furthermore, section 5524(5) of the Judicial Code provides that the actions and proceedings referred to are actions at law and equity, court proceedings rather than administrative agency proceedings.

■ Section 483 of the Unfair Insurance Practices Act, Act of April 28, 1978, P.L. 202, § 2(a)[1121], *as amended,* 40 P.S. § 483, gives the Commissioner express authority to suspend or revoke the license if an applicant makes false statements in applications for any license. Section 603 of the Insurance Department Act, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. § 233, gives the Commissioner discretion in granting a license when he is satisfied that the applicant is "worthy" of a license, for example, is of honest character to sell insurance. Section 33.18(b) of the Insurance Regulations, 31 Pa.Code § 33.18(b), states that criminal conduct, which reflects on the absence of an applicant's honesty and integrity, shall be evidence of a lack of fitness for licensure, and that a plea of guilty or nolo contendere is evidence of such deficiency in character.

Sections 638 and 639 of the Insurance Department Act, 40 P.S. §§ 278 and 279, provide that upon evidence of such conduct, the Commissioner is given the discretion of imposing a civil penalty of not more than $1000 for each violation. The Commissioner did not abuse his discretion in imposing the $3000 penalty as the penalty had a reasonable and logical basis.

Accordingly, we affirm.

### ORDER

NOW, July 27, 1989, the order of the Insurance Commissioner, No. P86–7–12, is affirmed.

## ORDER

PER CURIAM.

NOW, September 28, 1989, it is ORDERED that the above-captioned opinion filed July 27, 1989, shall be designated OPINION, rather than MEMORANDUM OPINION, and it shall be reported.