The General State Authority, Plaintiff *v.* Lawrie and Green and John McShain, Inc., a Delaware Corporation, Defendants.

Argued March 10, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Linus E. Fenicle,* Assistant Attorney General, with him *Theodore A. Adler,* Chief Counsel, *Vincent X.*

*Yakowicz*, Solicitor General, and *Robert P. Kane*, Attorney General, for plaintiff.

*Luther E. Milspaw, Jr.*, with him *Edward C. First, Jr.* and *McNees, Wallace & Nurick*, for defendant, Lawrie and Green.

*Joseph P. Hafer*, with him *James K. Thomas*, and *Metzger, Hafer, Keefer, Thomas and Wood*, for defendant, John McShain, Inc.

OPINION BY JUDGE CRUMLISH, JR., April 15, 1977:

Presently before us are the preliminary objections of both defendants Lawrie and Green and John McShain, Inc. (McShain) to the General State Authority's (GSA) third amended complaint in this matter. This Court previously disposed of preliminary objections of these same defendants to the original complaint, *see General State Authority v. Lawrie and Green*, 24 Pa. Commonwealth Ct. 407, 356 A.2d 851 (1976), resulting in the filing by GSA of a second and now third amended complaint.

Briefly summarizing the factual matrix underpinning the litigation, Defendant Lawrie and Green had contracted with GSA to provide architectural service for the construction of the William Penn Memorial Museum eventually undertaken by McShain.

### Preliminary Objection of Lawrie and Green

1. Briefly stated, Lawrie and Green has reinstituted its objection previously posed to the original complaint that it is unable to prepare a valid defense because GSA has again failed to plead the times and dates of discovery of defects in the structure and the date of final acceptance of the building by GSA in contravention of Pa. R.C.P. No. 1019(f).

No useful purpose would be served by again detailing the law as it relates to Pa. R.C.P. No. 1019(f),[1] but suffice it to say that we have reviewed the third amended complaint for the amendments ordered by our prior opinion and conclude that Lawrie and Green is now in a position to defend the complaint based upon the amended averments. That the amendments could have been more artfully drawn and more specific is not the question presently before us. Lawrie and Green should now know sufficiently the approximate times and dates of the events underlying this litigation. Further amendment would cause unwarranted delay in the judiciary machinery. In these circumstances, we dismiss the preliminary objection.

### Preliminary Objections of McShain

Three preliminary objections are interposed by McShain to the third amended complaint, to wit:

1. GSA has failed to state a cause of action (demurrer).

2. Clause 10 of the contract (Arbitration Clause) precludes the present action at law by GSA.

3. GSA has failed to state a demand for relief against Defendant.

With respect to McShain's demurrer, we hold that such is precluded by the express direction of Pa. R.C.P. No. 1028(b), which states:

> All preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading. (Emphasis added.)

Review of the pleadings reveals that this demurrer was first lodged to GSA's second amended complaint and reinstituted upon filing of the third amended complaint.

---

[1] See *Baker v. Rangos*, 229 Pa. Superior Ct. 333, 324 A.2d 498 (1974) ; *Fillinger v. Donegal Mutual Insurance Co.*, 56 Lanc. L. Rev. 387 (1959).

This precise situation arose in *Mazur v. Damilo-wicz*, 84 D. & C. 78 (1952), and that court concluded that defendant lost his right to demur to a subsequent amended complaint since no demurrer had been pleaded to the original complaint. We find this reasoning persuasive and consistent with the purposes of the rule as expressed in Goodrich-Amram Civil Practice at 39, comment to Rule 1017(b):

> The concept of a single dilatory stage for the defendant is strictly adhered to. For example, if the defendant, after the plaintiff's complaint has been filed, raises a jurisdictional objection, but takes no action with respect to the plaintiff's complaint, he is totally barred from making any preliminary objection to the pleading. He cannot move to strike it off for error of form, nor can he move for a more specific pleading. These rights he has lost forever, by not joining these objections with his jurisdictional motion.
>
> He also loses the right to demur to the complaint. This does not mean that he concedes, for the entire action, that the plaintiff has pleaded a cause of action. The legal sufficiency of the plaintiff's case remains an open issue. Defendant may raise it in his answer; he may raise it by a preliminary objection to a later pleading, if one is available; he may raise it by a motion for judgment on the pleadings, after the pleadings are closed; he may raise it at the trial by a motion for nonsuit or directed verdict, or by a motion for judgment n.o.v. All these methods are available to him, but he has lost irrevocably the right to raise this question in a preliminary objection before he files his answer. So far as the sub-

stance is concerned, the defendant has lost nothing; so far as the pleading stage of action is concerned, he has waived the right to make a particular kind of objection at a particular time.

Following the same principle, and in accordance with prior practice, the defendant cannot attack the plaintiff's complaint in small bites. He cannot point out a particular defect by preliminary objection; have the court pass on it; compel the plaintiff to amend; and then attack the amended complaint by pointing out another particular defect which was in the original complaint. This would make a travesty of the rule limiting the defendant to one dilatory stage. When an amended pleading is filed, defendant has the right to preliminary objection, but it is limited solely to matters which are new in the amended pleading and did not present themselves in the original complaint....

On the basis of the foregoing, we hold that McShain may not now demur.

Second, the present action is not barred by Clause 10 of the contract calling for arbitration. That clause states:

TENTH. All questions or disputes arising between the parties hereto respecting any matter pertaining to this contract or any part hereof, or any breach of said contract arising hereunder, shall be decided by the Executive Director of The Authority, subject to written appeal by the Contractor within thirty (30) days to the Board of the Authority, whose decision and award shall be final, binding and conclusive upon all parties hereto, without ex-

ception or appeal; and all right or rights to any action at law, or in equity, under and by virtue of this Agreement and all matters connected with it and relative thereto are hereby expressly waived. Reference of questions under this arbitration provision must be presented prior to the final. payment.

McShain argues that by the use of the phrase, "all questions or disputes between *the parties* hereto respecting any matter . . ." of necessity compels a result that this clause applies equally to both GSA and McShain and that notwithstanding the party aggrieved, arbitration is the agreed remedy.

We disagree. First, the clause stating, "shall be decided by the *Executive Director of the Authority* subject to written appeal by the *Contractor* within thirty (30) days to the Board of Authority," mandates that this clause applies to the situation wherein a contractor is aggrieved, for it is difficult to conceive of GSA presenting a claim to itself if it were aggrieved. Furthermore, appeal from a seemingly adverse ruling is limited to the contractor, thus implying that the use of this procedure is available only to the contractor.

More importantly, the clause by its terms is inapplicable to the instant action, for it plainly states that arbitration is countenanced only *prior to final payment*. Given the fact of final payment herein, arbitration is improper. *See also Hussey Metal Division of Copper Range Co. v. Lectromelt Furnace Division, McGraw-Edison Co.*, 471 F.2d 556 (3d Cir. 1972), *citing Bange v. Harrisburg West Motor Inn, Inc.*, 429 Pa. 654, 240 A.2d 370 (1968); *Westmoreland Hospital Association v. Westmoreland Construction Co.*, 423 Pa. 255, 223 A.2d 681 (1966); *Emmaus Municipal Authority v. Eltz*, 416 Pa. 123, 204 A.2d 926 (1964).

And finally, we dismiss McShain's preliminary objection stating that the third amended complaint fails to pray for relief against McShain.

Count II of the third amended complaint is clearly against McShain, for the heading at the beginning of the Count and a reading of the Count as a whole relate to McShain's actions. On page 23 of Plaintiff's third amended complaint a seeming typographical error appears at the end of Count II. Instead of demanding relief against McShain, Defendant "Lawrie and Green" was inserted. A reading of the entire Count shows relief directed to McShain. Such a technical objection has no merit and should be dismissed.

Accordingly, we

### ORDER

AND Now, this 15th day of April, 1977, upon consideration of Defendants Lawrie and Green and John McShain, Inc.'s preliminary objections, we hereby order as follows:

1. The preliminary objection of Lawrie and Green requesting greater specificity pursuant to Pa. R.C.P. No. 1019(f) is dismissed.

2. The preliminary objection of John McShain, Inc., in the nature of a demurrer is hereby dismissed.

3. The preliminary objection of John McShain, Inc., asserting Clause 10 of the contract precludes the present action by GSA is hereby dismissed.

4. The preliminary objection of John McShain, Inc., stating that GSA has failed to demand relief against it is hereby dismissed.

Defendants are directed to file answers to Plaintiff's third amended complaint within twenty (20) days of this Order.