The General State Authority, Plaintiff *v.* Lawrie and Green and John McShain, Inc., a Delaware Corporation, Defendants.

Robert J. Sigel, Inc. et al., Additional Defendants.

Argued September 14, 1981, before Judges BLATT, MACPHAIL and PALLADINO, sitting as a panel of three.

*Barbara Sumple,* Assistant Counsel, with her *Thadeus A. Tanski,* Chief, General Litigation Unit, and *Anthony P. Krzywicki,* Chief Counsel, for plaintiff.

*David E. Lehman, McNees, Wallace & Nurick,* for defendant, Lawrie & Green.

*Roger T. Shoop, Thomas & Thomas,* for defendant, John McShain, Inc.

*Edward E. Knauss, III, Metzger, Wickersham, Knauss & Erb,* for additional defendants, Thomas J. McCormick, P.E. et al.

*John J. Sylvanus,* with him *Leo E. Gribbin, Jr., Stetler & Gribbin,* for additional defendants, Robert J. Sigel, Inc. and Robert J. Sigel, P.E.

OPINION BY JUDGE BLATT, January 12, 1982:

This action was originally filed in June of 1975, at which time the General State Authority (GSA) sought damages from the defendants[1] resulting from the allegedly defective design and/or construction of the William Penn Memorial Museum (Museum) in Harrisburg. Preliminary objections were filed and the

---

[1] The original defendants, John McShain, Inc. and Lawrie and Green, joined Thomas J. McCormick, McCormick, Taylor Associates, McCormick Taylor & Associates, Inc., Robert J. Sigel, Inc. as additional defendants.

GSA was required to amend its complaint three times before such complaint was found to be legally sufficient and specific. *General State Authority v. Lawrie,* 29 Pa. Commonwealth Ct. 567, 372 A.2d 45 (1977). In October of 1979 this Court granted leave to the GSA to amend its complaint to include additional damages sought for the purported defective design and construction of the Archives Building also located in Harrisburg which had been part of the original project and had been covered by the same contract as the Museum. The defendants filed answers and new matters raising the defenses of the running of the six-year statute of limitations as to contract damages resulting from problems with the Museum, 42 Pa. C. S. §5527, formerly Section 1 of the Act of March 27, 1713, 1 Sm. L. 76, 12 P.S. §31, and the running of the 12-year period of limitation for any injury sustained from deficiencies in the construction of the Archives Building. 42 Pa. C. S. §5536(a)(1).[2] The defendants' motions for summary judgments based upon these defenses are presently before us for disposition.

The defendants argue that the doctrine of nullum tempus occurrit regi,[3] which previously insulated the Commonwealth from compliance with statutes of limitations, was abrogated by this Court in *Department of*

---

[2] 42 Pa. C. S. §5536(a)(1) provides:

(a) General rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

[3] "Time does not run against the king." Black's Law Dictionary 963 (5th Ed. 1979).

*Transportation v. J. W. Bishop & Co., Inc.*, 55 Pa. Commonwealth Ct. 377, 423 A.2d 773 (1980), and that the claims of the GSA are therefore subject to and barred by the six-year statute of limitations applicable to contract actions and the 12-year limitation period for construction defects. They contend that the pleadings and affidavits establish that the buildings here concerned were completed and finally inspected and approved by the GSA in October of 1964, that numerous defects[4] became apparent in the stonework of the Museum in the years 1965-67 and that those defects were of such a nature as to put the GSA on notice that the Museum had been defectively designed and constructed.[5] The defendants maintain that the GSA should have known that it had a cause of action prior to June 16, 1969 and that the claim for damages to the Museum, filed originally on June 16, 1975, was barred by the six-year statute of limitations. It is also asserted that the GSA's request for damages for defective construction of the Archives Building is a cause of action separate and distinct from any injury connected with the Museum and that the 1979 filing of the action concerning the Archives Building was barred by the 12-year period of limitation.

---

[4] These defects include cracked and broken limestone and stone window sills, drainage problems in a terrace and behind the stone walls, malfunction of the main entrance doors, a need for waterproofing and caulking, problems with the exterior stone facing, improper support and installation of the limestone and deterioration of the limestone on the exterior walls.

[5] The general rule is that where the existence of a latent defect is alleged, the period of the statute of limitations does not begin to run until the plaintiff became aware or, through the exercise of reasonable diligence, should have become aware of the defect. *General State Authority v. Lawrie and Green and John McShain, Inc.*, 24 Pa. Commonwealth Ct. 407, 356 A.2d 851 (1976) ; *A. J. Aberman, Inc. v. Funk Building Corp.*, 278 Pa. Superior Ct. 385, 420 A.2d 594 (1980).

Unfortunately for the defendants, subsequent to the argument of this case, our decision in *Bishop* was reversed by our Supreme Court finding that time in fact does not run against the king. *Department of Transportation v. J. W. Bishop & Co., Inc./Department of Transportation v. George H. Overmoyer,* Pa.    , 439 A.2d 101 (1981).

We must therefore hold that the GSA's claims are not barred by the statutes of limitations and we will dismiss the defendants' motions for summary judgments.

## ORDER

AND Now, this 12th day of January, 1982, the defendants' motions for summary judgments in the above-captioned matter are dismissed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.