596 A.2d 1166

John B. WILSON and Linda Wilson, as parents and natural guardians of Jason P. Wilson, a minor, and John B. Wilson and Linda Wilson, in their own right and Jason P. Wilson, in his own right

v.

RIDGWAY AREA SCHOOL DISTRICT, a political subdivision of the Commonwealth of Pennsylvania and Rockwell International Corporation, t/d/b/a Rockwell Manufacturing Company.

Appeal of ROCKWELL INTERNATIONAL CORPORATION, t/d/b/a Rockwell Manufacturing Company, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 29, 1991.

Decided Aug. 8, 1991.

Daniel P. McDyer, for appellant.

John Daley, for appellees, John B. Wilson et al.

Clem C. Trischler, for appellee, Ridgway Area School Dist.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge

Rockwell International Corporation t/d/b/a Rockwell Manufacturing Company (Rockwell) appeals, by permission of this court, an order of the Court of Common Pleas of the Fifty–Ninth Judicial District (trial court), which denied Rockwell's motion for summary judgment in the personal injury action of John B. Wilson, Linda L. Wilson and Jason P. Wilson (collectively, Wilsons).[1]

The factual and procedural background of this case was discussed at length in *Wilson v. Ridgway Area School District, Rockwell International Corporation,* 141 Pa.Commonwealth Ct. 607, 596 A.2d 1161 (*Wilson I*). The facts and procedural history pertinent to this matter are as follows. While operating a table saw (saw) located in the wood shop of a high school within the Ridgway Area School

---

1. John B. Wilson and Linda L. Wilson initiated this action on behalf of Jason P. Wilson (Jason), while Jason was a minor, seeking damages for themselves and Jason. When Jason attained majority, he was added as a party in his own right.

District (District), Jason severely lacerated his right hand, severing his right index and middle fingers.

Wilsons filed a complaint against District alleging that the saw was an improvement to real estate and that District's negligent maintenance of the saw caused Jason's injuries. With leave of court, Wilsons then amended their complaint alleging that Rockwell manufactured the saw and sold it to District. Wilsons added Rockwell as a defendant on both negligence and strict liability theories.

Rockwell filed an answer and new matter, raising the defenses of contributory negligence, assumption of risk, and statute of limitations. Wilsons responded to the affirmative defenses. Discovery was completed. Rockwell petitioned the trial court for leave to amend its new matter to add the additional defense that the action was time barred by the statute of repose.[2] Thereafter, Rockwell filed a motion for summary judgment.

On December 31, 1990, after considering the pleadings and record, the trial court granted the petition to amend but denied the motion for summary judgment.[3] Rockwell petitioned for permission to appeal the interlocutory order pursuant to 42 Pa.C.S. § 702(b).[4] This court granted permission to appeal.

On appeal,[5] Rockwell raises the following issues: (1) whether the trial court incorrectly decided that the saw was personalty based on *Canon–McMillan School District v.*

**2.** 42 Pa.C.S. § 5536. This section generally requires that an action based on the deficient design or construction of an improvement to real estate must be commenced within 12 years after completion of the improvement.

**3.** Also on December 31, 1990, the trial court granted summary judgment in favor of District based on governmental immunity. The order was appealed to this court and this court affirmed. *Wilson I.*

**4.** The petition for permission to appeal was initially filed with the superior court, which transferred the matter to this court because Wilsons' appeal from the order granting summary judgment in favor of District was already before this court for consideration.

**5.** Pursuant to 42 Pa.C.S. § 702(b), we limit our inquiry to controlling questions of law, the resolution of which may materially advance the ultimate termination of the matter.

*Bioni,* 127 Pa.Commonwealth Ct. 317, 561 A.2d 853 (1989); (2) whether Wilsons are bound by the statement in their complaint that the saw was an improvement to real estate; and (3) whether the action is barred by the statute of repose.

Initially, we note that summary judgment is only appropriate when, after examining the record in favor of the nonmoving party, there is no genuine issue of material fact and the movant clearly establishes its entitlement to judgment as a matter of law. *Johnson v. Woodland Hills School District,* 135 Pa.Commonwealth Ct. 43, 582 A.2d 395 (1990).

■ As to the first issue, Rockwell contends that the trial court incorrectly applied the test set forth in *Canon–McMillan* to decide that the saw was personalty. Based on our analysis in *Wilson I,* we conclude that the trial court correctly applied the test set forth in *Canon–McMillan.*

■ As to the second issue, Rockwell asserts that a statement in Wilsons' complaint (ie: that the saw was an improvement to real estate) is a judicial admission. Rockwell argues that the Wilsons are barred by this admission from maintaining its action against Rockwell on the theory that the saw is personalty.[6]

The trial court addressing this issue stated:

"It ain't necessarily so" that just because a party avers in a pleading that a certain matter is a fixture,[7] or pleads facts indicating fixture, that the same therefore makes the subject a fixture. Whether something is a fixture or not is a conclusion of law.... *Wilson v. Ridgway Area School District and Rockwell Manufacturing Company* (No. 88–500, filed December 31, 1990), slip op. at 4 (footnote added).

6. Rockwell's distinction between an improvement to realty and personalty is material to its defense based on the statute of repose.

7. The trial court's interchanging of the terms "improvement" and "fixture" is of little moment in the present setting.

The question of what constitutes an improvement to land is one of law. Judicial admissions are allegations of fact made by a party and contained in pleadings, stipulations and the like, which the party is not permitted to contradict thereafter. *Tops Apparel Manufacturing Company v. Rothman*, 430 Pa. 583, 244 A.2d 436 (1968). Because Wilsons' allegation related to an issue of law, it did not constitute a judicial admission.

Furthermore, a party's statements as to questions of law are never binding on a trial court. *Reilly v. Department of Environmental Resources*, 49 Pa.Commonwealth Ct. 374, 412 A.2d 652 (1980). Here, the trial court concluded that, as a matter of law, the saw was personalty. As we held in *Wilson I*, this conclusion is correct.

■ Rockwell's final argument is that the action is barred by the statute of repose. The statute of repose, by its very terms,[8] applies only to injuries caused by improvements to realty. Because we agree with the trial court's conclusion that the saw is personalty, the argument based on the statute of repose must fail.

Accordingly, we affirm the trial court's order denying summary judgment and remand for the trial to continue.

## ORDER

AND NOW, August 8, 1991, the order of the Court of Common Pleas of the Fifty–Ninth Judicial District in the

---

8. 42 Pa.C.S. § 5536 provides, in pertinent part, that:
   (a) **General Rule.**—[Subject to exceptions not relevant here], a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any *improvement to real property* must be commenced within 12 years after completion of construction of such *improvement* to recover damages for:
   (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the *improvement*.

   (3) Injury to the person ... arising out of any such deficiency.

above-captioned matter is affirmed. This matter is remanded for the trial to continue.

Jurisdiction relinquished.

DOYLE, Judge, dissenting.

For the reasons stated in my dissenting opinion in *Wilson v. Ridgway Area School District, Rockwell International Corporation*, 141 Pa.Commonwealth Ct. 607, 596 A.2d 1161 (*Wilson I*), I respectfully dissent.