618 A.2d 1129

ALTOONA AREA SCHOOL DISTRICT,

v.

W. Walter CAMPBELL, John Rea, Clifford R. Hayes, Thomas C. Large, Robert M. Suckling, Robert Fruth and Robert E. Wedge; Hunter, Campbell & Rea; Campbell, Rea, Hayes & Large; and Hayes, Large, Suckling, Fruth & Wedge, Partnerships; Paul E. Hickes; and Hartford Accident and Indemnity Company

v.

INTER–STATE TILE & MANTEL COMPANY, INC.

v.

The MARBLE SHOP, INC.

Appeal of INTER–STATE TILE & MANTEL COMPANY, INC., Appellant.

ALTOONA AREA SCHOOL DISTRICT

v.

W. Walter CAMPBELL, John Rea, Clifford R. Hayes, Thomas C. Large, Robert M. Suckling, Robert Fruth and Robert E. Wedge; Hunter, Campbell & Rea; Campbell, Rea, Hayes & Large; and Hayes, Large, Suckling, Fruth & Wedge, Partnerships; Paul E. Hickes; and Hartford Accident and Indemnity Company

v.

INTER–STATE TILE & MANTEL COMPANY, INC.

v.

The MARBLE SHOP, INC.

Appeal of Paul E. HICKES, Appellant.

W. Walter CAMPBELL, John Rea, Clifford R. Hayes, Thomas C. Large, Robert M. Suckling, Robert Fruth and Robert E. Wedge; Hunter, Campbell & Rea; Campbell, Rea, Hayes & Large; and Hayes, Large, Suckling, Fruth & Wedge, Partnerships, Appellants,

v.

ALTOONA AREA SCHOOL DISTRICT, Inter–State Tile & Mantel Co., Inc. and the Marble Shop, Inc., Appellees.

132

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, Appellant,

v.

ALTOONA AREA SCHOOL DISTRICT; W. Walter Campbell;
John Rea; Clifford R. Hayes; Thomas C. Large; Robert M.
Suckling; Robert Fruth; Robert Wedge; Hunter, Campbell &
Rea; Campbell, Rea, Hayes & Large; Hayes, Large, Suckling,
Fruth and Wedge; Paul E. Hickes, Inter–State Tile & Mantel
Company; and the Marble Shop, Inc., Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1992.

Decided Dec. 4, 1992.

Reargument Denied Jan. 19, 1993.

134

Michael D. Reed, for appellant/appellee, Inter–State Tile and Mantel Co., Inc.

Lawrence L. Newton, for appellant/appellee, Paul E. Hicks.

Warren L. Siegfried, for appellants Hayes, Large, Suckling, Fruth and Wedge.

Barbara J. Lipshutz, for appellant, Hartford Acc. and Indem. Co.

Walter K. Swartzkopf, for appellee, Altoona Area School Dist.

Before PALLADINO, McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Inter–State Tile & Mantel Company, Incorporated (Subcontractor), Paul E. Hickes (Contractor), W. Walter Campbell, John Rea, Clifford R. Hayes, Thomas C. Large, Robert M. Suckling, Robert Fruth and Robert E. Wedge; Hunter Campbell & Rea; Campbell, Rea, Hayes & Large; and Hayes, Large, Suckling, Fruth & Wedge, Partnerships (collectively, Architects), and Hartford Accident and Indemnity Company (Surety) appeal from an interlocutory order [1] of the Court of Common Pleas of Huntingdon County (trial court) which denied summary judgment to Subcontractor, Contractor, Architects, and Surety (collectively, Appellants).

In January of 1967, Altoona Area School District (District) entered into a contract with Contractor for the construction of the Altoona Public Library (library), which was designed by Architects. Contractor subcontracted a portion of the work, including furnishing and installation of marble, to Subcontractor. Subcontractor further subcontracted the marble work to the Marble Shop, Inc. Surety furnished a performance bond naming Contractor as the principal and District as the obligee.

Construction of the library was completed on or about May 1, 1969. In July of 1987, the library's marble facade began to deteriorate and fail.

1. Pursuant to 42 Pa.C.S. § 702, the trial court certified that its interlocutory order involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from its order might materially advance the ultimate determination of the matter before it.

On January 22, 1988, District filed a complaint seeking damages as a result of the deterioration and failure of the marble facade. District's complaint alleged negligence, breach of contract and fraud on the part of Architects and Contractor. The complaint also contained a claim on Contractor's performance bond issued by Surety. Contractor joined Subcontractor as an additional defendant. Subcontractor subsequently joined the Marble Shop, Inc.[2]

Appellants filed motions for summary judgment asserting a clear right to relief as a matter of law based on section 5536 of the Judicial Code, 42 Pa.C.S. § 5536. Section 5536 states that a civil action brought against any person lawfully performing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of the improvement. Contractor and Surety also relied on section 5523 of the Judicial Code, 42 Pa.C.S. § 5523, which states that an action upon a performance bond must be commenced within one year.

By order and opinion of December 12, 1991, the trial court denied the motions for summary judgment determining that: 1) District was entitled to invoke the common-law doctrine of *nullum tempus occurrit regi* (time does not run against the king); 2) 42 Pa.C.S. § 5536 is a statute of limitations, not a statute of repose, and 3) the applicability of *nullum tempus* abrogated any limitations defense, including the one year statute of limitations on performance bonds, asserted by Appellants.

On January 29, 1992, the trial court amended its December 12, 1991 order to include a statement certifying its order for immediate appellate review at the discretion of the commonwealth court. By order of April 16, 1992, the commonwealth court granted Appellants permission to appeal the trial court's interlocutory order.

2. According to Subcontractor's brief, The Marble Shop, Inc. has not participated in the litigation of this matter due to its status as a Chapter 11 bankruptcy debtor at the time of its joinder by Subcontractor. Subcontractor's Brief at 5.

■ The issues raised on appeal are as follows: 1) whether the trial court erred in determining that District could assert the doctrine of *nullum tempus;* 2) whether the trial court erred in determining that 42 Pa.C.S. § 5536 is a statute of limitations rather than a statute of repose and that *nullum tempus* could be invoked to defeat it, and 3) whether the trial court erred in denying summary judgment to Contractor and Surety under 42 Pa.C.S. § 5523, the one year statute of limitations applicable to performance bonds. Our scope of review of a trial court order denying summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *DiMino v. Borough of Pottstown,* 129 Pa. Commonwealth Ct. 154, 564 A.2d 1329, *petition for allowance of appeal granted,* 527 Pa. 589, 588 A.2d 511 (1991).

■ As to the first issue, when the Commonwealth, as a plaintiff, brings an action for which the statute of limitations has run, it may invoke *nullum tempus. Northampton County Area Community College v. Dow Chemical U.S.A.,* 389 Pa. Superior Ct. 11, 566 A.2d 591 (1989), *affirmed per curiam,* 528 Pa. 502, 598 A.2d 1288 (1991). Under *nullum tempus,* statutes of limitations do not apply to the plaintiff Commonwealth unless the statute specifically so provides. *Id.* Since its adoption in this country, the rationale for the doctrine of *nullum tempus* has been the preservation of public rights, revenues and property from injury and loss. *Department of Transportation v. J.W. Bishop & Co.,* 497 Pa. 58, 439 A.2d 101 (1981).

■ However, the privilege of *nullum tempus* does not, in the absence of express provision, extend to municipalities, counties or other political subdivisions unless such political subdivisions are seeking to enforce strictly public rights, that is, when the cause of action accrues to them in their governmental capacity and the suit is brought to enforce an obligation imposed by law as distinguished from one arising out of an agreement voluntarily entered into by the defendant. *City of Philadelphia v. Holmes Electric Protective Co.,* 335 Pa. 273, 6 A.2d 884 (1939); *Borough of West Fairview v. Hess,* 130 Pa.

Commonwealth Ct. 385, 568 A.2d 709 (1989); *Pocono Township v. Hall,* 127 Pa. Commonwealth Ct. 116, 561 A.2d 53 (1989); *Northampton.*

A school district is a political subdivision of the Commonwealth. Section 1991 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1991. Therefore, a school district is only entitled to *nullum tempus* privileges if it is seeking to enforce strictly public rights.

In the present case, Appellants argue that District is not seeking to enforce strictly public rights because District was not obligated by law to construct the library, and is, therefore, only seeking to enforce rights arising out of an agreement voluntarily entered into by District. District argues that District is seeking to enforce strictly public rights because construction of the library was a governmental function.

Under section 4418 of The Library Code, Act of June 14, 1961, P.L. 324, *as amended,* 24 P.S. § 4418, a school district is authorized to build libraries; however, it is not mandated to do so. Section 4418 states:

Any municipality is hereby authorized to purchase, ... lands and buildings, ... or to erect buildings, to be used for local library purposes....

In addition, under section 5–502 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. 5–502, a school district

*may* establish, equip, furnish, and maintain the following additional ... departments for the education and recreation of persons residing in said district, ..., namely: — ... Libraries....

(Emphasis added).

Therefore, in the present case, District was not obligated by law to enter into a contract to construct the library, but instead, entered into the contract voluntarily as it was authorized to do under The Library Code. The present case is, therefore, distinguishable from two recent Superior Court cases, *Stroudsburg Area School District v. R.K.R. Associates,* 417 Pa. Superior Ct. 85, 611 A.2d 1276 (1992), and *Mt.*

*Lebanon School District v. W.R. Grace & Co.*, 414 Pa. Superior Ct. 455, 607 A.2d 756 (1992), which held that a school district was entitled to invoke the doctrine of *nullum tempus* to defeat the applicable statutes of limitations because it was asserting claims arising out of the constitutionally and statutorily mandated duty of school districts to construct and maintain schools for the children of the Commonwealth.

In *Stroudsburg,* a school district brought an action against various architects and contractors based upon their alleged failure to safely build and design an exterior wall of the district's middle school. In *Mt. Lebanon,* upon which District relies, a school district brought an action against a manufacturer of fireproofing material seeking to recover costs for the removal of the material, which contained asbestos, from an addition to the district's high school.

In determining that the school districts could invoke *nullum tempus* to defeat the applicable statutes of limitation, *Stroudsburg* and *Mt. Lebanon* relied on Article 3 section 14 of the Pennsylvania Constitution, section 7–701 of the Public School Code, 24 P.S. § 7–701, and section § 171.13 of Pennsylvania Code, 25 Pa.Code § 171.13. Article 3 section 14 of the Pennsylvania Constitution states:

> The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth.

Pa. Const. Art. 3, § 14.

> Section 7–701 of the Public School Code states:

> The Board of School Directors of each district *shall provide the necessary grounds and suitable school buildings* to accommodate all the children between the ages of six and twenty-one years.... *Such buildings shall be constructed, furnished, equipped, and maintained in a proper manner as herein provided.* ... *so that every pupil in any such building may have proper and healthful accommodations.*

24 P.S. § 7–701 (emphasis added).

Section 171.13 of the Pennsylvania Code, which is under chapter 171 entitled "Schools," states:

The buildings, grounds, play area equipment and appurtenances *shall* be constructed and maintained to minimize health and accident hazards....

25 Pa.Code § 171.13 (emphasis added).

Based on the above constitutional and statutory provisions, the *Stroudsburg* and *Mt. Lebanon* courts determined that a school district is unquestionably compelled by law to provide safe and suitable facilities to house the schoolchildren of the Commonwealth. The *Mt. Lebanon* court went on to state:

The practical implications of such a duty require School Districts, in their governmental capacity, to enter into contractual relations with private parties who can construct and maintain such suitable facilities. Where, as here, a cause of action accrues to a party in its governmental capacity and the suit is brought to enforce strictly public rights and an obligation imposed by both the constitution and statute, such as that herein, the doctrine of *nullum tempus* applies. City of Philadelphia v. Holmes, supra. [footnote omitted] Accordingly, we hold that *nullum tempus* applied to the School District's action against Grace [the manufacturer] brought to enforce and vindicate obligations imposed upon the District by law. [footnote omitted].

*Mt. Lebanon* at 466, 607 A.2d at 762.

■ In the present case, the superintendent of the Altoona Area School District at the time the library was built testified that the library was not built to fulfill any existing need. R.R. at 548. Moreover, whereas 7–701 mandates that a school district provide the necessary grounds and buildings for schools, section 4418 of The Library Code merely authorizes a school district to acquire lands and buildings or erect buildings for library purposes. In addition, unlike section 171.13 of the Pennsylvania Code which mandates a school district to safely maintain its schools, there is no provision in the Pennsylvania Code which mandates a school district to safely maintain libraries. While we agree that a school district is mandated to provide schools for the children of the Commonwealth and to ensure that those schools remain safe, a school district is not mandated to provide libraries which accommodate all of the

residents of a district. Given this distinction, the holdings in *Stroudsburg* and *Mt. Lebanon* are inapposite to the present case.

In the present case, the District, in contracting to build the library, was not acting in accordance with obligations imposed by law, but was, rather, voluntarily entering into an agreement under the enabling statutes of The Library Code. Therefore, in bringing the action against Appellants, District was not seeking to enforce and vindicate obligations imposed by law, but was, rather, seeking to enforce and vindicate obligations arising from its own voluntary transactions. Consequently, District cannot properly invoke the doctrine of *nullum tempus* to defeat the 12 year limitation contained in section 5536 or the one year limitation contained in section 5523.

As to the second issue, whether the trial court erred in determining that section 5536 is a statute of limitations rather than a statute of repose, Appellants argue that section 5536 is a statute of repose because the courts of this Commonwealth have treated it as such.

■ The difference between statutes of repose and statutes of limitations is that statutes of limitation are procedural devices which bar recovery on a viable cause of action, whereas statutes of repose are substantive in nature because they extinguish a cause of action and preclude its revival. *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 382 A.2d 715 (1978). In addition, statutes of limitation begin to run from the time of an injurious occurrence or discovery of the same, *Centre Concrete Co. v. AGI, Inc.*, 522 Pa. 27, 559 A.2d 516 (1989); *Levenson v. Souser*, 384 Pa. Superior Ct. 132, 557 A.2d 1081 (1989), whereas statutes of repose run for a statutorily determined period of time after a definitely established event independent of an injurious occurrence or discovery of the same. *Levenson; see also Fetterhoff v. Fetterhoff*, 354 Pa. Superior Ct. 438, 512 A.2d 30 (1986) and *Mitchell v. United Elevator Co.*, 290 Pa. Superior Ct. 476, 434 A.2d 1243 (1981).

■ Applying the above principles to the present case, section 5536 is couched in the language of a statute of repose, rather than a statute of limitation, because it contains words describing a definitely established event which commences the statutorily determined period of 12 years; that event is described in section 5536 as "completion of construction of such improvement." Moreover, the historical note following section 5536 states that section 5536 is "substantially a reenactment of" section 1 of the Act of December 22, 1965, P.L. 1183, 12 P.S. § 65.1, which was regarded by Pennsylvania courts as a statute of repose. *Misitis v. Steel City Piping Co.,* 441 Pa. 339, 272 A.2d 883 (1971).

Many Pennsylvania courts have also characterized section 5536 as a statute of repose, including the Pennsylvania Supreme Court in *McCormick v. Columbus Conveyer Co.,* 522 Pa. 520, 564 A.2d 907. Others include: *Wilson v. Ridgway Area School District,* 141 Pa. Commonwealth Ct. 617, 596 A.2d 1166 (1991); *Noll v. Paddock Pool Builders, Inc.,* 416 Pa. Superior Ct. 284, 611 A.2d 219 (1992); *Schaffer v. Litton Systems, Inc.,* 372 Pa. Superior Ct. 123, 539 A.2d 360 (1988); *Fetterhoff; Catanzaro v. Wasco Products, Inc.,* 339 Pa. Superior Ct. 481, 489 A.2d 262 (1985); *Mitchell; Luzadder v. Despatch Oven Co.,* 834 F.2d 355 (3d Cir.1987); *but see General State Authority v. Lawrie and Green and John McShain, Inc.,* 64 Pa. Commonwealth Ct. 102, 439 A.2d 228 (1982).

■ In the present case, because section 5536 is a statute of repose, the running of the 12 year period of limitation commenced when construction of the marble facade was completed in May of 1969. *See Catanzaro.* Therefore, District's cause of action against Architects, Contractor and Subcontractor for any deficiency in the design, planning, supervision or observation of construction or construction of the marble facade, or injury to the facade, has been completely eliminated because it was brought over 18 years after the completion of the facade.

■ However, the cause of action against Contractor and Surety on the performance bond has not been completely eliminated because section 5523 is a statute of limitations, not a statute of repose, and is thus subject to the discovery rule. *Centre Concrete; Levenson.* The discovery rule tolls the running of a statute of limitation until the plaintiff knows or reasonably should know that an injury has occurred. *Levenson.*

■ In the present case, there exists a factual dispute as to when the defects in the marble facade should have been discovered. Surety asserts in its brief that the defects should have been discovered in 1979. This assertion is supported by an affidavit of Jess McIlvain, an expert retained by Contractor. District asserts in its complaint that the defect was discovered on or about July 1987. Complaint at 7. An affidavit of Larry D. Jones, an expert retained by District, suggests that the defects could have occurred prior to actual observable failure of the facade. R. at 522. Therefore, as to the third issue (i.e. whether the trial court erred in denying summary judgment to Contractor and Surety under 42 Pa.C.S. § 5523) because there are material facts in dispute regarding the one year statute of limitations applicable to performance bonds contained in 42 Pa.C.S. § 5523, the trial court did not err in denying summary judgment to Contractor and Surety under 42 Pa.C.S. § 5523. *Shoats v. Commissioner, Pennsylvania Department of Corrections,* 139 Pa. Commonwealth Ct. 607, 591 A.2d 326 (summary judgment may be granted only where there is no genuine issue of material fact and movant is entitled to judgment as a matter of law).

Accordingly, the order of the trial court denying summary judgment to Appellants is reversed in part and affirmed in part. The denial of summary judgment based on the doctrine of *nullum tempus* is reversed as the doctrine of *nullum tempus* cannot be invoked by District in the present case. Therefore, Appellants are entitled to summary judgment as a matter of law because District's cause of action has been completely eliminated by the statute of repose, 42 Pa.C.S. § 5536. However, because there is a genuine issue of material

fact with respect to Contractor's and Surety's assertion of a clear right to relief under 42 Pa.C.S. § 5523, the denial of summary judgment to Contractor and Surety under 42 Pa.C.S. § 5523 is affirmed.

## ORDER

AND NOW, December 4, 1992, the order of the Court of Common Pleas of Huntingdon County in the above-captioned matter is reversed in part and affirmed in part. The denial of summary judgment to Appellants based on the doctrine of *nullum tempus* is reversed, and Appellants are entitled to relief under 42 Pa.C.S. § 5536. The denial of summary judgment to Contractor and Surety is affirmed only with respect to Contractor's and Surety's assertion to a clear right to relief under 42 Pa.C.S. § 5523.