**Wilson Area School District v. Skepton**

C.P. of Northampton County, no. C0048CV2001 002431.

*Dominic S. Brocchi,* for plaintiffs.
*Joseph Leeson Jr.,* for defendant, Safeco Ins. Co. of America.

FREEDBERG, *P.J.,* February 1, 2005—This matter is before the court on the summary judgment motion of Safeco Insurance Company of America. This is an action by the Wilson Area School District against defendants claiming alleged construction defects at the Wilson Senior High School building. On June 3, 1992, the school district entered into a general construction contract with Franklin E. Skepton as general contractor. Construction was completed in 1994. Safeco Insurance Company of America issued a performance bond on behalf of Skepton naming the plaintiff school district as obligee as required by the Public Works Contractors' Bond Law of 1967, 8 P.S. §191 et seq. The performance bond was accepted by the plaintiff as part of its contractual relationship with Skepton. The bond was issued to provide assurance to plaintiff that Skepton would faithfully perform the construction contract. A provision of the bond states:

"Now, therefore, the terms and conditions of this bond are and shall be that if: (a) the principal well, truly and faithfully shall comply with and shall perform the agreement in accordance with the contract documents, at the time and in the manner provided in the agreement and in the contract documents, and if the principal shall satisfy all claims and demands incurred in or related to the

performance of the agreement by the principal or growing out of the performance of the agreement by the principal, and if the principal shall indemnify completely and shall save harmless the obligee and all of its officers, agents and employees from any and all costs and damages which the obligee and all of its officers, agents and employees may sustain or suffer by reason of the failure of the principal to do so, and if the principal shall reimburse completely and shall pay to the obligee any and all costs and damages which the obligee and all of its officers, agents and employees may incur by reason of any such default or failure of the principal; and (b) if the principal shall remedy, without cost to the obligee, all defects which may develop during the period of one year from the date of completion by the principal and acceptance of the obligee of the work to be performed under the agreement in accordance with the contract documents, which defects, in the sole judgment of the obligee or its legal successors in interests, shall be caused by or shall result from defective or inferior materials or workmanship, then this bond shall be void: otherwise, this bond shall be and remain in force and effect."

The parties agree that the construction was completed in 1994. In its answer to the motion for summary judgment, plaintiff has admitted that in 1999, in connection with a visual survey, it observed various construction defects in the Wilson High School Building five years after completion of construction of the building, and five years after plaintiff had occupied the building for daily use. In answers to interrogatories, plaintiff admitted it discovered construction defects in 1997. The instant suit was filed in 2001.

Defendant Safeco asserts that it is entitled to summary judgment because by contract its responsibility is limited to defects which develop within one year of completion and acceptance of the project. Thus, it asserts that, since the project was completed and accepted in 1994, the obligation is to remedy those defects which appeared within one year of that date. Plaintiff's response is two-fold. First, it asserts that this precise issue was decided adversely to Safeco in a motion for judgment on the pleadings so that the issue may not be revisited by another judge of the court of common pleas on a motion for summary judgment. Second, it argues that the doctrine of "nullem tempus occurrit republicae" precludes assertion of the one-year time limit by Safeco.

## A. COORDINATE JURISDICTION RULE

Plaintiff contends that the denial of the motion for judgment on the pleadings which raised the issue now before the court precludes revisiting the issue. The motion for judgment on the pleadings was decided by another judge of this court who ruled that the doctrine of "nullem tempus occurrit republicae" prevented Safeco from invoking the one-year limitation period contained in the bond.

In *Ryan v. Berman*, 572 Pa. 156, 813 A.2d 792, 795 (2002), the Supreme Court set forth the following regarding the coordinate jurisdiction rule:

"The salient case on the coordinate jurisdiction rule is *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326 (1995). It states the rule as follows: '[J]udges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions.' *Id.* at 573, 664 A.2d at 1331.

'Departure . . . is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.' *Id.* at 575-76, 664 A.2d at 1332. The rule serves 'not only to promote the goal of judicial economy' but also '(1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.' *Id.* at 574, 664 A.2d at 1331. It is manifest that a judge may not lightly overrule the prior decision of another judge of the same court. In some circumstances, however, application of the rule can 'thwart the very purpose the rule was intended to serve, *i.e.,* that judicial economy and efficiency be maintained.' *Salerno v. Philadelphia Newspapers Inc.,* 377 Pa. Super. 83, 88, 546 A.2d 1168, 1170 (1988). Thus we said in *Starr* that departure from the rule of coordinate jurisdiction is allowed 'where the prior holding was clearly erroneous and would create a manifest injustice if followed,' 541 Pa. at 576, 664 A.2d at 1332. Applying the rule of coordinate jurisdiction too rigidly, therefore, can undermine the purposes which justify the rule."

The coordinate jurisdiction rule does not preclude our addressing the issue raised in the summary judgment motion currently pending before us. The ruling relied upon by plaintiff occurred in a motion for judgment on the pleadings. In *Goldey v. Trustees of the University of Pennsylvania,* 544 Pa. 150, 675 A.2d 264 (1996), the

Supreme Court held that the coordinate jurisdiction rule applied to bar consideration of "the same kind" of motion as had previously been decided by another judge in the case. It stated at 155-56, 675 A.2d at 267:

"When the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." See also, *Salerno v. Philadelphia Newspapers Inc.,* 377 Pa. Super. 83, 546 A.2d 1168 (1988), and *Austin J. Richards Inc. v. McClafferty,* 371 Pa. Super. 269, 538 A.2d 11 (1988).

## B. SUMMARY JUDGMENT STANDARDS

Upon close of the pleadings and completion of pertinent discovery, the court is empowered to enter summary judgment as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action, or where the party who bears the burden of proof at trial has failed to produce evidence sufficient to require the claim to be submitted to a jury. See Pa.R.C.P. 1035.2.

Proper grant of summary judgment hinges upon an evidentiary record that either discloses that the material facts are undisputed or an evidentiary record that contains insufficient evidence to make out a prima facie cause of action. See *Basile v. H & R Block Inc.,* 777 A.2d 95, 100-101 (Pa. Super. 2001). A plaintiff's failure to adduce evidence to substantiate any element of the claim entitles the defendant to summary judgment as a matter

of law. See *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996).

In passing upon any motion for summary judgment, we must review the record in the light most favorable to the non-moving party, we must afford the non-moving party the benefit of all reasonable inferences arising from the evidence, and we must resolve all doubts in favor of the non-moving party. See *Basile,* 777 A.2d at 101.

## C. DISCUSSION

Defendant Safeco contends that the provision of the performance bond in issue is a statement of the extent of coverage provided, *i.e.,* all defects which develop during the period of one year from the acceptance of the completed work under the contract. Plaintiff characterizes the clause as establishing a limitation period for commencing an action, *i.e.,* a contractual adoption of the one-year statute of limitation period for commencing actions on performance bonds. 42 Pa.C.S. §5523(3).

We need not decide which characterization is correct because, under either, defendant Safeco is entitled to summary judgment on the undisputed facts. If Safeco is correct that the provision sets forth its coverage responsibilities, then an action against Safeco is precluded because plaintiff has pleaded the defects developed more than a year after acceptance of the completed project in 1994. If plaintiff is correct that the provision is a contractual adoption of the statute of limitations period of one year for suits on a performance bond, then the action is precluded, because plaintiff has conceded that the

action was commenced more than a year after discovery of the defects.

In an attempt to avoid dismissal of the case, plaintiff asserts that the provision is a nullity because of the doctrine of "nullem tempus occurrit republicae." In *Duquesne Light v. Woodland Hills School District,* 700 A.2d 1038 (Pa. Commw. 1997), the Commonwealth Court set forth the following discussion of the doctrine at 1051:

"*Nullem tempus occurrit regi* ('time does not run against the king') permits a political subdivision of the Commonwealth to circumvent the applicable statute of limitations. *Altoona Area School District v. Campbell,* 152 Pa. Commw. 131, 618 A.2d 1129 (1992), *petition for allowance of appeal denied,* 535 Pa. 639, 631 A.2d 1010 (1993). In *Altoona,* the court held:

" '[T]he privilege of *nullum tempus* does not, in the absence of express provision, extend to municipalities, counties or other political subdivisions *unless such political subdivisions are seeking to enforce strictly public rights,* that is, when the cause of action accrues to them in their governmental capacity and the suit is brought to enforce an obligation imposed by law as distinguished from one arising out of an agreement voluntarily entered into by the defendant.' *Id.,* 152 Pa. Commw. at 137, 618 A.2d at 1132. (emphasis added)

"A school district is a political subdivision of the Commonwealth. *School District of Philadelphia v. Twer,* 498 Pa. 429, 447 A.2d 222 (1982). As such, a school district may invoke the doctrine of *nullum tempus.* However, in order to defeat the applicable statute of limitations, the right sought to be enforced must be strictly public as

well as imposed by law. *Altoona; Mount Lebanon School District v. W.R. Grace & Company,* 414 Pa. Super. 455, 607 A.2d 756 (1992)." (emphasis in original)

A school district may properly invoke the doctrine of "nullem tempus occurrit republicae" [1] to defeat a statute of limitations when a district is seeking to recover damages for defects in construction of a school building housing school children of the Commonwealth. *Stroudsburg Area School District v. R.K.R. Associates/Architects,* 417 Pa. Super. 85, 611 A.2d 1276 (1992).

Relying on this law, plaintiff contends that the provision at issue is a nullity. Unquestionably, the school district could defeat the assertion that the action is time-barred if the limitation period had its origin in a statute. However, in the instant case the limitation period is contractual. The doctrine of "nullem tempus occurrit republicae" is waivable by the sovereign. *Township of Indiana v. Acquisitions & Mergers Inc.,* 770 A.2d 364 (Pa. Commw. 2001). Further, parties may adopt a limitation of action period by contract. *Insurance Company of North America v. Carnahan,* 446 Pa. 48, 284 A.2d 728 (1971), and *Stewart v. North Carolina Mutual Life Insurance Company,* 187 Pa. Super. 270, 144 A.2d 507 (1958).

Safeco sought to limit its exposure by contractually incorporating a one-year limitation of action provision consistent with 42 Pa.C.S. §5523(3). By doing so, it sought to avoid the school district invoking the doctrine of "nullem tempus occurrit republicae." The school dis-

---

1. The term is synonymous with "nullem tempus occurrit regi."

trict agreed to the contractual provision, thereby waiving its right to assert the doctrine. Each gained something by the agreement. Safeco limited the duration of its exposure. The school district reduced costs because a bond of unlimited duration would be more expensive than one of limited duration. To accept the argument that the school district could render the provision a nullity by invoking the doctrine of "nullem tempus occurrit republicae" would have a significant impact on governmental efforts to reduce the costs of public works.

"It is basic that the obligations of a surety under a bond cannot be extended beyond the plain import of the words used. Obligations not imposed by the terms of the bond cannot be created by judicial construction or interpretation which extends the terms beyond their normal meaning." *Miller v. Commercial Electric Construction Inc.,* 223 Pa. Super. 216, 297 A.2d 487 (1972); see also, *Peter J. Mascaro Co. v. Milonas,* 401 Pa. 632, 166 A.2d 15 (1960). To accept the plaintiff's argument would be to ignore precedent and read out of the contract the express provision agreed to by the parties.

Wherefore, we enter the following order of court:

## ORDER

And now, February 1, 2005, it is hereby ordered that the motion for summary judgment of defendant Safeco Insurance Company of America is granted. Judgment is entered in its favor.