448 A.2d 1047

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**ROCKLAND CONSTRUCTION CO., New Enterprise Stone & Lime Co., Nassaux-Hemsley, Inc. and Cornell Co., Inc.**

Supreme Court of Pennsylvania.

Argued May 17, 1982.

Decided June 28, 1982.

Mark F. Brancato, Asst. Chief Counsel, Ward T. Williams, Chief Counsel, Jay C. Waldman, Exc. Asst. to the Governor, Dept. of Transportation, Harrisburg, for appellant.

Charles V. Stoelker, Philadelphia, for appellee Rockland Const. Co.

Edward E. Knauss, IV, Harrisburg, for appellee Nassaux-Hemsley.

Robert R. Reeder, James K. Thomas, II, Richard C. Bennett, Philadelphia, for appellee Cornell Co., Inc.

Richard W. Foltz, Jr., Kenneth M. Cushman, Philadelphia, for appellee New Enterprise Stone and Lime Co.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, and HUTCHINSON, JJ.

### OPINION OF THE COURT

ROBERTS, Justice.

■ Here, as in *Commonwealth, Pennsylvania Dep't of Transportation v. J. W. Bishop & Co., Inc., and George H. Overmoyer*, 497 Pa. 58, 439 A.2d 101 (1981), this Court is presented with a challenge to the common law doctrine of *nullum tempus occurrit regi* ("time does not run against the king"). As in *Bishop* and *Overmoyer*, we reaffirm the well-established rule that statutes of limitations are not applicable to actions brought by the Commonwealth unless the statute expressly so provides. Thus, we vacate the order of the Commonwealth Court and remand for further proceedings.

In October of 1980, appellant Department of Transportation filed suit in the Commonwealth Court against appellee Rockland Construction Company to recover damages resulting from an alleged latent defect in a pier cap used in the construction of a bridge owned by the Commonwealth. Construction of the bridge was completed in 1969. Rockland, the general contractor, joined appellee New Enterprise Stone & Lime Company, the fabricator of the pier cap. New Enterprise in turn joined appellee Nassaux-Hemsley, Inc., the designer of the cap and appellee Cornell Company, Inc., the sub-contractor who had installed the cap.*

Appellees filed a motion for summary judgment on the ground that recovery is barred by the statute of limitations, 42 Pa. C.S. § 5527(2). Judge Palladino granted appellees' motion on the basis of the Commonwealth Court's decision in *Commonwealth, Pennsylvania Dep't of Transportation v. J.*

---

* A pier cap is a structure which rests upon a concrete pillar and supports the road surface of a bridge. The complaint alleges damages in excess of $1,000,000.

*W. Bishop & Co., Inc., and George H. Overmoyer*, 55 Pa. Cmwlth. 377, 423 A.2d 773 (1980), which had refused to apply the doctrine of *nullum tempus.* While the Commonwealth's appeal from the Commonwealth Court's ruling was pending, this Court examined the "sound public policy of vindicating public rights and protecting public property which underlies the doctrine of *nullum tempus*," reaffirmed the doctrine, and vacated the Commonwealth Court's orders in *Bishop* and *Overmoyer.*

■ The statute of limitations at issue, 42 Pa.C.S. § 5527(2) provides:

"The following actions and proceedings must be commenced within six years:

.  .  .  .  .

An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter.  Where an instrument is payable upon demand, the time within which an action or proceeding on it must be commenced shall be computed from the later of either demand or any payment of principal or of interest on the instrument."

Because the statute does not expressly provide for its application to the Commonwealth, the statute, under *Bishop* and *Overmoyer*, does not apply.

Appellees attempt to distinguish our decision in *Bishop* and *Overmoyer* on the ground that in enacting the statute of limitations at issue in this case, the Legislature also enacted a statute of limitations which states that no time limitation shall apply to actions brought by the "Commonwealth, a county or an institution district" to recover the costs of maintenance and support of public charges.  42 Pa.C.S. § 5531(2) & (3).  Appellees contend that the inclusion of the Commonwealth on the list of plaintiffs whose actions cannot be barred by the passage of time in Section 5531 manifests the Legislature's intent not to exempt the Commonwealth from the operation of 42 Pa.C.S. § 5527(2).

Appellees' reliance on Section 5531 is misplaced. The amendment of that section to include the Commonwealth was merely a codification of existing case law, see *Frey's Estate*, 342 Pa. 351, 21 A.2d 23 (1941), and in no respect represents a legislative effort to identify the exclusive circumstance in which a statute of limitations does not apply to the Commonwealth. Because there is nothing in the express terms of 42 Pa.C.S. § 5527(2) which would permit it to be applied to actions brought by the Commonwealth, it follows from our decision in *Bishop* and *Overmoyer* that the statute is not a bar to the Commonwealth's claim.

█ Appellees also contend that *Bishop* and *Overmoyer* should be distinguished from the present appeal because in those cases the Commonwealth brought actions in trespass and not in assumpsit. This contention, too, is without merit. The distinction between assumpsit actions and trespass actions urged by appellees is supported by neither the case law of this Commonwealth nor that of any other jurisdiction which follows the rule that statutes of limitations do not apply to the state unless the statute specifically so provides. See *United States v. John Hancock Mutual Life Insurance Co.*, 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960) (*nullum tempus* applies to action by United States to redeem mortgage); *State ex rel. Nesbitt v. Western Surety Co.*, 494 P.2d 1242 (Okla.1972) (*nullum tempus* applies to action to enforce liability on a surety bond); *Veterans Loan Authority v. Wilk*, 61 N.J.Super. 65, 160 A.2d 138 (1960) (*nullum tempus* applies to action on promissory note). Indeed, whether an action is brought in trespass or assumpsit, the Commonwealth still seeks to "vindicate public rights and protect public property." *Bishop* and *Overmoyer*, 497 Pa. at 64, 439 A.2d at 104. Thus the doctrine of *nullum tempus* applies.

The order of the Commonwealth Court is vacated and the matter remanded for further proceedings consistent with this opinion.

McDERMOTT, J., did not participate in the consideration or decision of this case.