611 A.2d 1276

**STROUDSBURG AREA SCHOOL DISTRICT and Stroudsburg Area School Authority, Appellants,**

v.

**R.K.R. ASSOCIATES/ARCHITECTS and R.K.R. Hess Associates, Appellees,**

v.

**VITA CONSTRUCTION COMPANY, INC., Allentown Roofing and Sheet Metal, Inc., F & M Associates, Inc., H.H. Robertson & Company and United States Steel Corporation, Appellees,**

v.

**MUELLER ROOFING SERVICE, INC., Apache Foam Products, the Celotex Corp., John F. Stevens Associates and Reliance United Pacific Surety Manages, Appellees,**

v.

**UNITED PACIFIC INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 26, 1992.

Filed July 1, 1992.

Reargument Denied Sept. 8, 1992.

James V. Fareri, Stroudsburg, for appellants.

George W. Westervelt, Jr., Stroudsburg, for R.K.R. Associates, appellee.

Joseph A. Holko, Allentown, for F & M Associates, appellee.

David A. Luptak, Pittsburgh, for U.S. Steel Corp., appellee.

James M. Scanlon, Scranton, for John F. Stevens Associates, appellee.

Maureen A. Jordan, W.Va., for Apache Foam Products, appellee.

Before McEWEN, KELLY and HOFFMAN, JJ.

KELLY, Judge:

In this opinion we are called upon to determine whether appellant, Stroudsburg Area School District (School District), may assert the doctrine of *nullum tempus occurrit regi* to defeat the applicable statute of limitations in an action against various architects and general contractors (appellees) based upon their alleged failure to adequately design, supervise and provide specifications and safe and suitable materials for the construction of one of the exterior walls of one of the district's school buildings. We conclude that a school district may properly invoke the doctrine of *nullum tempus* to defeat the applicable statute of limitations and reverse the order of the trial court awarding summary judgment to appellees.

## I. FACTUAL AND PROCEDURAL HISTORY

By agreement in November, 1968, the School District contracted with appellee, R.K.R. Associates, for appellee to design and supervise the construction of its Middle School. Shortly after the Middle School was constructed, several structural problems surfaced in the building. The two major concerns of the School District were leaks in the roof and rusting of the outside walls. The School District instituted the instant action by filing a complaint in July, 1985, alleging that appellee, R.K.R. Associates had breached their agreement by failing to adequately design, specify material for and supervise the construction of the Middle School. Several additional defendants were joined and motions for summary judgment were filed, alleging *inter alia*, that the School District's claims were time barred.

Following discovery related to the summary judgment motions, the trial court concluded that the doctrine of *nullum tempus* was unavailable to the School District and that, therefore, the applicable statute of limitations had run

and the School District's claims were time-barred.[1] This timely appeal followed.

## II. STANDARD OF REVIEW

Our standard of review of an appeal from an order granting summary judgment is well-established.

> Ordinarily, summary judgment should only be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party. It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Any doubt must be resolved against the moving party.

*School District of the Borough of Aliquippa v. Maryland Casualty Company,* 402 Pa.Super. 569, 574-75, 587 A.2d 765, 768 (1991), quoting *Knecht v. Citizens & Northern Bank,* 364 Pa.Super. 370, 373-74, 528 A.2d 203, 205 (1987). The determination of whether a statute of limitations has run is generally a question of law for the trial court. *Id.* At times, however, a factual determination by a jury is required. *Id.*

## III. NULLUM TEMPUS OCCURRIT REGI

 While the general purposes of any statute of limitations are to discourage delay, expedite litigation and thus prevent the presentation of stale claims, *Insurance Company of North America v. Carnahan,* 446 Pa. 48, 51, 284 A.2d 728, 729 (1971), an exception to these principles

---

1. The court found that although a six-year statute of limitations was applicable, the School District's cause of action arose sometime in 1977. Accordingly, the trial court concluded that the School District's failure to institute the instant action prior to or during 1983, resulted in the action being time-barred. *See* 42 Pa.C.S.A. §§ 5525 and 5527 and Historical Notes.

exists where the Commonwealth is the party seeking to recover damages for an injury suffered. *Commonwealth, Department of Transportation v. J.W. Bishop & Co.*, 497 Pa. 58, 63, 439 A.2d 101, 104 (1981). Accordingly, the doctrine of *nullum tempus occurrit regi* ("time does not run against the king") has long been accepted in this Commonwealth. *J.W. Bishop, supra,* 497 Pa. at 62, 439 A.2d at 103 (collecting case). When the Commonwealth invokes the doctrine of *nullum tempus,* it "seeks to vindicate public rights and protect public property." *Commonwealth, Department of Transportation v. Rockland Construction Co.*, 498 Pa. 531, 535, 448 A.2d 1047, 1049 (1982). As this Court recently observed,

> [w]henever the Commonwealth invokes the doctrine of *nullum tempus,* it is seeking as a plaintiff to vindicate public rights and protect public property. Thus, since its adoption in this country, the rationale for the doctrine of *nullum tempus* has been "the great public policy of preserving public rights, revenues and property from injury and loss." *United States v. Hoar,* 26 Fed.Cas. 329, 330 (C.C.D.Mass.1821) (No. 15,373) (Story, J.). *See [Commonwealth v.] Musser Forests* [394 Pa. 205, 146 A.2d 714 (1958)], *supra* (*nullum tempus* "Matter of important public policy"). Moreover, the benefits and advantages of the doctrine of *nullum tempus* extend "to every citizen, including the defendant whose plea of ... limitations it precludes." *Guaranty Trust [Co. of New York v. United States], supra,* 304 U.S. [126] at 132, 58 S.Ct. [785] at 789 [82 L.Ed. 1224 (1938)].

*School District of Aliquippa, supra,* 402 Pa.Super. at 581, 587 A.2d at 771. Thus, unless a statute of limitations expressly so provides, the statute is not applicable to actions instituted by the Commonwealth. *Commonwealth, Department of Transportation v. Rockland Construction, supra,* 498 Pa. at 535, 448 A.2d at 1048.

In *City of Philadelphia v. Holmes Protective Co.*, 335 Pa. 273, 6 A.2d 884 (1939), our Supreme Court held that,

[i]t is true that, unless otherwise provided, statutes of limitations cannot be pleaded against such political subdivisions when they are seeking to enforce strictly public rights, that is, when the cause of action accrues to them in their governmental capacity and the suit is brought to enforce an obligation imposed by law as distinguished from one arising out of an agreement voluntarily entered into by the defendant.

*Id.*, 335 Pa. at 278, 6 A.2d at 887; *see also Pocono Township v. Hall,* 127 Pa.Cmwlth. 116, 121, 561 A.2d 53, 55 (1989) (same); *Borough of West Fairview v. Hess,* 130 Pa.Cmwlth. 385, 391–393, 568 A.2d 709, 713 (1989) ("unless a municipality is exercising a governmental function or there is an express provision to the contrary, a statute of limitation will apply to the government unit."). Recently, in *Mt. Lebanon School District v. W.R. Grace & Co.,* 414 Pa.Super. 455, 607 A.2d 756 (1992), this Court recognized the constitutional and statutory obligation of school districts, as agencies of the legislature, to provide safe and suitable facilities for the education of the schoolchildren of this Commonwealth. *Id.* (414 Pa.Super. at 465, 607 A.2d at 761). In doing so, the Court opined:

The Constitution of this Commonwealth provides:

The general assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth.

Pa. Const. Art. 3, § 14. School districts have been created as agencies of the legislature to administer this constitutional duty. *School District of Philadelphia v. Twer,* 498 Pa. 429, 435, 447 A.2d 222, 224 (1982); *Smith v. School District of Township of Darby,* 388 Pa. 301, 130 A.2d 661 (1957). Moreover, the legislature has declared that it is the duty of the board of directors of each school district to

... provide the necessary grounds and suitable school buildings to accommodate all the children between the ages of 6 and 21 years, in said district, who attend

school. Such buildings shall be constructed, furnished, equipped and maintained in a proper manner as herein provided. Suitable provisions shall be made for the heating (including the purchase of fuel), ventilating, adequate lighting, and sanitary conditions thereof, and for a safe supply of water, so that every pupil in any such building may have proper and healthful accommodations.

24 Pa.C.S.A. § 7–701. The Pennsylvania Code provides that, "[t]he school building, grounds, play are equipment and appurtences shall be constructed and maintained to minimize health and accident hazards." 25 Pa.Admin.Code § 171.13.

*Id.* (414 Pa.Super. at 466, 607 A.2d at 761–62); *see also Slippery Rock Area Joint School System v. Franklin Township School District,* 389 Pa. 435, 442, 133 A.2d 848, 852 (1957) ("a school district is an agency of the state charged with the sovereign duty of building and maintaining the schools within its particular territory"); *Community College of Allegheny County v. Seibert,* 144 Pa.Cmwlth. 616, 622, 601 A.2d 1348, 1350–51 (1992) (concluding that a community college is a local agency for purposes of governmental immunity). Accordingly, because school districts, as agencies of the legislature, are "unquestionably compelled by law, both statutorily and constitutionally, to provide safe and suitable facilities for the schoolchildren of the Commonwealth," the *Mt. Lebanon* Court concluded that the Mt. Lebanon School District, as a Commonwealth agency, could properly invoke the doctrine of *nullum tempus* to defeat the applicable statute of limitations in an action against the supplier of a product found to contain asbestos which was used in the construction of a school building. *Id.* (414 Pa.Super. at 465, 607 A.2d at 761–62).[2]

**2.** In *Northampton County Area Community College v. Dow Chemical, U.S.A.,* 389 Pa.Super. 11, 566 A.2d 591 (1989), *affirmed Northampton County Area Community College v. Dow Chemical U.S.A.,* 528 Pa. 502, 598 A.2d 1288 (1991) (*per curiam* ) (Papadakos, J., dissented and filed an opinion which Larsen, J. joined), this Court held that because the legislature did not *create* the community colleges, but merely *autho-*

■ Although the instant case does not involve a product containing asbestos, we find the holding of *Mt. Lebanon, supra,* equally applicable to the facts herein. As our Supreme Court has cogently recognized in a previous *nullum tempus* case,

> whatever inconvenience defendants may experience, that inconvenience is outweighed by the sound policy of vindicating public rights and protecting public property which underlies the doctrine of *nullum tempus occurrit regi.*

*J.W. Bishop, supra,* 497 Pa. at 66, 439 A.2d at 104–105. As an agency of the legislature, a school district is unquestionably fulfilling an obligation imposed upon it by law when it is constructing new school buildings to house the schoolchildren of the Commonwealth. Accordingly, when a school district is seeking to recover damages for any alleged negligence or defects in any facet or component involved in the construction, design and/or maintenance of school buildings housing the schoolchildren of this Commonwealth, the School District is seeking to vindicate public rights and protect public property, *i.e.* ensuring that school buildings built and maintained with taxpayers' dollars are both safe and suitable for schoolchildren. When such is the case, a school district, as an agency of the legislature, may properly invoke the doctrine of *nullum tempus occurrit regi* to defeat the applicable statute of limitations.[3]

*rized* their creation, the college could not properly invoke *nullum tempus* as it was not a Commonwealth party. *Id.* 389 Pa.Super. at 19–21, 566 A.2d at 595; *but see Community College of Allegheny County v. Seibert, supra.* The school district, however, has been *created* to fulfill the legislature's constitutional mandate, *i.e.* to provide an efficient system of public schools. *See School District of Philadelphia v. Twer, supra* and *Smith v. School District of Township of Darby, supra.* Given this distinction in classification, the holding in *Northampton County College v. Dow Chemical, Co., supra,* is inapplicable to the instant case.

3. We note that although authority from other jurisdictions is divided, we find persuasive those cases which have granted immunity from statutes of limitation to school districts when they are seeking to recover damages for injuries suffered in their role as legislature agencies carrying out a constitutionally or statutorily mandated directive to provide safe and suitable school facilities for those of school age in their respective states. *See e.g. Laramie County School District*

## IV. CONCLUSION

We conclude, therefore, that the Stroudsburg Area School District can properly invoke the doctrine of *nullum tempus occurrit regi* to defeat the applicable statute of limitations herein. The trial court erred in concluding otherwise and the order granting summary judgment to appellees is reversed.

Order reversed. Case remanded to the trial court. Jurisdiction is relinquished.

*Number One v. Muir,* 808 P.2d 797 (Wyo.1991); *Board of Education of City of Chicago v. A, C, and S, Inc.,* 131 Ill.2d 428, 137 Ill.Dec. 635, 546 N.E.2d 580 (1989); *Commonwealth v. Owens–Corning Fiberglas Corp.,* 238 Va. 595, 385 S.E.2d 865 (1989); *Oklahoma City Municipal Improvement Authority v. HTB, Inc.,* 769 P.2d 131 (Okl.1988); *Rowan County Board of Education v. U.S. Gypsum,* 87 N.C.App. 106, 359 S.E.2d 814, *reh. denied,* 321 N.C. 298, 362 S.E.2d 782 (1987); *Bellevue School District No. 405 v. Brazier Construction Co.,* 103 Wash.2d 111, 691 P.2d 178 (1984); *but see New Jersey Educational Facilities v. Gruzen,* 125 N.J. 66, 592 A.2d 559 (1991); *Board of Education v. Dow Chemical Co.,* 40 Conn.Super.Ct. 141, 482 A.2d 1226 (1984).