639 A.2d 1199

**CUMBERLAND VALLEY SCHOOL DISTRICT, Appellant,**

**v.**

**HALL–KIMBRELL ENVIRONMENTAL SERVICES, INC., Penoco, Inc., Abatement Technologies, Inc. and Commercial Casualty Insurance Company, I. Schneid, Inc.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1993.

Filed April 5, 1994.

---

John C. Dowling, Harrisburg, for appellant.

Glenn P. Heisey, Harrisburg, for appellee Hall–Kimbrell.

Before CAVANAUGH, McEWEN and DEL SOLE, JJ.

CAVANAUGH, Judge.

This is an appeal from an order granting preliminary objections in the nature of a demurrer. Appellant, Cumberland Valley School District (Cumberland), sued appellees, Hall–Kimbrell Environmental Services, Inc. (H–E) and Penoco, Inc., upon various causes of action based upon contract, tort, and statutes. The parties had entered into business relationships pertaining to the removal of asbestos from several of Cumberland's school buildings. The order in question relates to Cumberland's ability to maintain a cause of action under the Unfair Trade Practices and Consumer Protection Law, (UTPCPL) 73 P.S. § 201–1 *et seq.* That statute provides that private actions may be maintained by, "Any person who purchases or leases goods or services primarily for personal, family or household purposes," 73 P.S. § 201–9.2. The lower court held that Cumberland's purchase of asbestos abatement services for its school buildings was not primarily for personal, family or household purposes, and, therefore, it granted the preliminary objections.[1]

The standard of review of an order granting preliminary objections in the nature of a demurrer is as follows:

All material facts set forth in the pleadings as well as all inferences reasonably deducible therefrom are admitted as true for the limited purpose of this review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. In reviewing the grant of a demurrer we are not bound by the inferences drawn by the trial court, nor are we bound by its conclusions of law. Furthermore, we will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that further proceedings would clearly be fruit-

1. We note that this law suit was filed prior to the July 6, 1992 effective date of amended Rule of Appellate Procedure 341 and the order being reviewed was entered before March 1, 1994. Therefore, the appeal is properly before this court.

less. *Ford Motor Credit Co. v. Caiazzo,* 387 Pa.Super. 561, 566, 564 A.2d 931, 933 (1989) (collecting cases). Finally, "the novelty of a claim or theory alone, does not compel affirmance." *Neff v. Lasso, supra* [382 Pa.Super. 487] 555 A.2d [1304] at 1305 [ (1989) ]. *Valley Forge Towers v. Ron–Ike F. Ins., supra* [393 Pa.Super. 339], 574 A.2d [641] at 644. *Foflygen v. Zemel,* 420 Pa.Super. 18, 32, 615 A.2d 1345, 1352 (1992).

On appeal, Cumberland argues that its claims are within the UTPCPL because it is acting as the legal representative of the school district's taxpayers and students and it purchased appellees' services to satisfy the public's personal purpose of having adequate educational facilities. It alleges that the question of application of the UTPCPL to the circumstances of this case presents an issue of fact. Brief for Appellant at 18. Therefore the lower court, appellant contends, erred in failing to give it the benefit of assuming the truth of all material facts and reasonable inferences set out in the amended complaint.

Appellant places primary reliance upon *Valley Forge Towers South Condominium v. Ron–Ike Foam Insulators, Inc.,* 393 Pa.Super. 339, 574 A.2d 641 (1990) *aff'd.* 529 Pa. 512, 605 A.2d 798 (1992). In *Valley Forge* a residential incorporated condominium association was permitted to maintain a private cause of action under the UTPCPL in its statutory representative capacity of individual unit owners against a manufacturer of a roofing product. Because the structural integrity of the roof over the whole condominium building was at issue (both business and residential areas), it was held that the complaint stated a cause of action under the UTPCPL.

█ Cumberland's attempt to fashion its claim to fall within the holding of *Valley Forge* fails for two reasons. First, Cumberland is not the legal representative of its taxpayers and students.[2] Unlike the incorporated condominium association in *Valley Forge* which was authorized by statute, 68 P.S. § 3302(a)(4–7), and case law *1000 Grandview Association v.*

---

2. This is an issue of law, not an issue of fact which must be accepted as true from appellant's pleadings.

*Mt. Washington Association,* 290 Pa.Super. 365, 434 A.2d 796 (1981), to represent its members, Cumberland is a school district that has no authority to maintain a lawsuit as the legal representative of its taxpayers and students. The two cases cited by Cumberland as support for its argument, *Stroudsburg Area School District v. R.K.R. Associates,* 417 Pa.Super. 85, 611 A.2d 1276 (1992) and *Mt. Lebanon School District v. W.R. Grace and Company,* 414 Pa.Super. 455, 607 A.2d 756 (1992), do not address a school district's capacity to act as the legal representative of its taxpayers and students. Rather, these cases discuss the statutory duty of school districts to build and maintain safe and suitable schools within a distinct territory. Both *Stroudsburg* and *Mt. Lebanon* involved application of the doctrine *nullum tempus* in suits brought by school districts against contractors and architects. In *Mt. Lebanon,* where the school district sued manufacturers and installers of asbestos-containing products, this court stated that such suits were brought by the school district in its *governmental capacity* to enforce strictly public rights. *Mt. Lebanon, supra* at 414 Pa.Super. at 466, 607 A.2d at 762. Although the UTPCPL was not at issue in these cases, the statements made in them regarding the source and nature of the school district's obligations militates against a finding that the district acts in a representative capacity.

 Similarly, the second reason against finding a private right of action under § 201–9.2 is that the primary purpose of the purchase was not for personal, family or household use. As stated above, this court in *Mt. Lebanon* noted that in suing manufacturers, installers and removers of asbestos-laden products, the school district acts to enforce *strictly public rights. Id.* It would entail a far stretch for this court to accept Cumberland's argument that the asbestos abatement services at issue were purchased primarily for the personal, family or household benefit of its taxpayers and students in having adequate facilities for education, community meetings, athletics and other non-business uses. Brief for Appellant at 22. Appellant's own description of the uses to which its school buildings were put evinces a governmental purpose in provid-

ing the public a safe school with architectural and structural integrity. The obligation of taxpayers to pay for and of students to attend such a school as a community facility does not transform the school district's legal duty to provide it into a non-governmental purpose. Taxpayers and students have interests in safe and sound schools *qua* citizens who financially support the educational program and who benefit from it. Neither of these interests is of a "personal, family or household" purpose mandated by § 201–9.2 of the UTPCPL.

In fulfillment of its constitutional and statutory duties, the appellant engaged the services of the appellees. The appellant acted pursuant to a public purpose. As stated in *Stroudsburg,*

> As an agency of the legislature, a school district is unquestionably fulfilling an obligation imposed upon it by law when it is constructing new school buildings to house the school children of the Commonwealth. Accordingly, when a school district is seeking to recover damages for any alleged negligence or defects in any facet or component involved in the construction, design and/or maintenance of school buildings housing the school children of this Commonwealth, the School District is seeking to vindicate public rights and protect public property, i.e. ensuring that school buildings built and maintained with taxpayers' dollars are both safe and suitable for school children.

*Id.* at 417 Pa.Super. at 92, 611 A.2d at 1279–80.

We find no error in the lower court's sustaining the preliminary objections.

Order affirmed.