**MONTGOMERY COUNTY, Plaintiff,**

v.

**MICROVOTE CORPORATION, et al., Defendants.**

**Civil Action No. 97–6331.**

United States District Court, E.D. Pennsylvania.

Oct. 15, 1998.

reasons that follow, Westchester's Motion is denied.

## Background

For purposes of this Motion, there is no dispute as to the relevant facts of this case. On November 2, 1993, the citizens of Montgomery County, in response to a ballot question, voted to replace their manual voting machines with electronic voting machines. On May 25, 1994, the County entered into a written contract with MicroVote to purchase nine hundred Direct Electronic Voting Units ("DREs"). As a condition for entering into the contract, the County required MicroVote to post a performance bond. Accordingly, prior to entering into its contract with the County, MicroVote, as principal, along with Westchester as surety, issued a joint and several performance bond in favor of the County as obligee.

The DREs were used in three elections: November of 1994, April of 1995, and November of 1995. The County alleges that the DREs failed to perform properly in all three elections. On June 28, 1996, after several disputes over the malfunctions of the DREs and MicroVote's attempts to remedy the problems, the County commissioners decided to replace the DREs with machines from another manufacturer.

The County filed this action on October 10, 1997, against MicroVote, Carson Manufacturing Company (the manufacturer of the DREs), and Westchester. The only count of the Complaint against Westchester is based upon the performance bond. Westchester has filed its Motion for Summary Judgment, arguing that the County's claim based upon the bond is barred by the statute of limitations.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

This diversity case arose from the purchase by the Plaintiff Montgomery County ("the County") of electronic voting machines from Defendant MicroVote Corporation ("MicroVote"). The machines allegedly malfunctioned during several elections. Presently before the Court is the Motion for Summary Judgment of Defendant Westchester Fire Insurance Company ("Westchester"). For the

## Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The moving party has the burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548,

91 L.Ed.2d 265 (1986). The non-moving party cannot rest on the pleading, but must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this case, the County, as the nonmoving party, is entitled to have all reasonable inferences drawn in its favor. *J.F. Feeser, Inc. v. Serv-A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991).

### Discussion

 Pennsylvania law provides a one-year statute of limitations for actions on performance bonds. *See* 42 Pa.C.S. § 5523. The action on a performance bond accrues when the obligee knows or should know of a breach of the underlying contract. *See Altoona Area School District v. Campbell,* 152 Pa. Cmwlth. 131, 618 A.2d 1129, 1135 (1992), *appeal denied,* 535 Pa. 639, 631 A.2d 1010 (1993).

Westchester argues that, at the very latest, the County had notice of any alleged breach on June 28, 1996, when the commissioners decided to replace the MicroVote DREs. The County did not file this suit until October 10, 1997, more than one year after its action on the performance bond accrued. Thus, Westchester argues, any claim by the County based on the performance bond is barred by the statute of limitations.

 In response, the County argues that this action is timely because of the doctrine of *nullum tempus occurrit regi* ("time does not run against the king"). Under this doctrine, statutes of limitations are not applicable to actions brought by the sovereign unless the statute expressly so provides. *Commonwealth, Dep't of Transp. v. Rockland Constr. Co.,* 498 Pa. 531, 448 A.2d 1047, 1047 (1981). This immunity from statutes of limitations does not generally extend to political subdivisions such as the County. *City of Philadelphia v. Holmes Elec. Protective Co. of Philadelphia,* 335 Pa. 273, 6 A.2d 884, 887 (1939). *Nullum tempus* will only apply to a political subdivision when it is seeking to enforce strictly public rights, that is, when the cause of action accrues to it in its governmental capacity and the suit is brought to enforce an obligation imposed by law as distinguished from one arising out of a voluntary agreement. *Altoona,* 618 A.2d at 1132. For example, in *In re Erny's Estate,* 337 Pa. 542, 12 A.2d 333 (1940), the City of Philadelphia sued the parents of an insane man for reimbursement of amounts spent to maintain him in a public institution. The Pennsylvania Supreme Court held that the City's claim was not barred by the statute of limitations because the government was required to maintain and treat the man, and his parents' obligation to repay the City was imposed by a statute. *Id.* 12 A.2d at 335. In *Pocono Township v. Hall,* 127 Pa.Cmwlth. 116, 561 A.2d 53 (1989), the township enacted an ordinance requiring developers to provide a bond covering the cost of paving roads in the areas they developed. The court held that the township's action against a developer to enforce the bond was not subject to a statute of limitations. *Id.* 561 A.2d at 56. Finally, in *Stroudsburg Area School Dist. v. R.K.R. Assocs.,* 417 Pa.Super. 85, 611 A.2d 1276 (1992), the school district brought an action against architects and contractors for failure to adequately design and construct a portion of a school building. The court held that, because the school district had a state constitutional and statutory duty to construct and maintain school facilities, the suit was not barred by the statute of limitations. *Id.* 611 A.2d at 1279–80.

In contrast, courts do not apply *nullum tempus* to claims arising out of an agreement voluntarily entered into by a government entity and the defendant. In *Holmes,* the City of Philadelphia, by ordinance, gave an electric company permission to run wires under the city's highways in exchange for a percentage of gross receipts as rent. The Pennsylvania Supreme Court held that because the city was suing to enforce a contractual obligation, rather than a claim accruing to the city in its governmental capacity, the action was subject to the statute of limitations. *Holmes,* 335 Pa. at 280, 6 A.2d 884. In *Campbell,* the school district brought an action against the architects, building con-

tractor, and surety for defects in the construction of a library. The court held that the school district could not invoke *nullum tempus* to defeat the statute of limitations because, although the school district was permitted to build a library, it was not required to do so, and therefore it had entered into a voluntary agreement. *Campbell*, 618 A.2d at 1133–34. The Third Circuit also applied this test in *City of Philadelphia v. Lead Indus. Ass'n*, 994 F.2d 112 (3d Cir.1993). In *Lead Indus.*, the City of Philadelphia and the Philadelphia Housing Authority sued the manufacturers of lead pigment to recover the costs of abating hazardous lead-based paint that they were forced to incur pursuant to federal regulations. The court held that the city could not invoke *nullum tempus* because its claims arose out of voluntary agreements, they did not accrue only to government entities, and the defendants did not have any obligation imposed on them by statute. *Id.* at 120.

In the instant case, the County has a duty "[t]o purchase, preserve, store and maintain primary and election equipment of all kinds, including voting booths, ballot boxes and voting machines." 25 P.S. § 2642(c). Further, the County's citizens voted to replace their manual voting machines with electronic machines. The County was then required by law to purchase electronic machines. 25 P.S. § 3031.4(a). Therefore, a claim arising out of the contract to purchase the DREs accrues to the County in its governmental capacity and would be brought to enforce an obligation imposed by law. Thus, the County may invoke *nullum tempus* to defeat a statute of limitations.

Westchester argues that even if the County was required to enter into a contract to purchase the DREs, there was no legal requirement for a performance bond. Pennsylvania law provides that when the County enters into contracts, a performance bond is required from the successful bidder "unless the commissioners shall waive the bond requirement in the bid specification." 16 P.S. § 5001(c). This leaves the County with some discretion as to the bond requirement. Westchester contends that the performance bond agreement should be viewed separately from the purchase of the DREs, and that because the bond was not required by law,

the County is not immune from the statute of limitations for actions on the bond.

Whether the performance bond can be viewed separately from the transaction in order to determine if *nullum tempus* is applicable has not been directly addressed in Pennsylvania, but the *Campbell* case offers some guidance. As discussed above, in *Campbell*, the school district brought an action for claims arising out of the construction of a library. In addition to the architects and building contractor, the school district also sued the surety who had issued the performance bond. *Campbell*, 618 A.2d at 1131. The court, when it determined that the school district could not invoke *nullum tempus*, did not analyze the claims against the architects and contractor separately from the action on the performance bond. Rather, the court analyzed the contract between the other defendants and the school district and determined that *nullum tempus* was inapplicable because the school district was seeking to enforce and vindicate obligations arising from its own voluntary transactions. *Id.* at 1134. This analysis also applied to the claim based upon the performance bond. Therefore, in this case, the performance bond should not be examined apart from the underlying contract in determining the applicability of *nullum tempus*.

In conclusion, the County was required by law to purchase electronic voting machines. Any claims resulting from this agreement accrued to the County in its governmental capacity and are brought to enforce an obligation imposed by law. Therefore, the County may invoke *nullum tempus*, and the County's claim based upon the performance bond issued by Westchester is not barred by the statute of limitations.

An appropriate Order follows.

### ORDER

AND NOW, this 15th day of October, 1998, upon consideration of Defendant Westchester Fire Insurance Company's Motion for Summary Judgment and all responses thereto, it

is hereby ORDERED that Defendant's Motion is DENIED.