## Tabaj v. Fayette Society for the Prevention of Cruelty to Animals Inc.

C.P. of Fayette County, no. 1867 of 1993 G.D.

*Thomas Bowlen,* for plaintiffs.
*Joseph M. George Jr.,* for defendants.

WARMAN, *J.*, August 30, 2001—Presently before this court for disposition is a motion for summary judgment, filed on behalf of defendant The Fayette Society for the Prevention of Cruelty to Animals Inc., to the complaint filed on behalf of plaintiffs John J. Tabaj and Ruth A. Tabaj. Defendant avers that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.

After oral argument, full consideration of the record, applicable law, briefs and submissions of counsel, and for reasons more fully discussed herein, defendant's motion for summary judgment is granted in part and denied in part.

## BACKGROUND

This action arises as the result of an allegedly unlawful search conducted on plaintiffs' dairy farm on April 27, 1993, and alleged malicious prosecution for charges filed on May 3, 1993.

Plaintiffs allege that on the morning of April 27, 1993, armed and uniformed officers of the defendant Fayette Society for the Prevention of Cruelty to Animals Inc. and Tri-County Humane Protection Inc. entered onto their property without permission or consent. Plaintiffs contend that said officers entered their property pursuant to a search warrant applied for by Tri-County to search for an allegedly stolen dog owned by Paul Perry, which was reportedly seen on their farm. Plaintiffs claim that said officers searched all of the buildings situated on their farm, including their dwelling house, for a period of over two hours.

Following the search, officers of the SPCA initiated criminal proceedings against plaintiff John J. Tabaj, by executing five citations charging him with cruelty to animals and owning a dog without a license. The citations were filed on May 3, 1993, with the office of District Justice Dwight J. Shaner. The citations, however, were withdrawn on June 10, 1993.

Thereafter, on October 14, 1993, plaintiffs filed a five-count complaint against the defendant, Paul Perry, and Tri-County seeking both compensatory and punitive damages. Following a motion for summary judgment filed by defendant Paul Perry, plaintiffs' defamation claim against said defendant was dismissed by order of the Honorable John F. Wagner Jr., dated December 18, 1995.

On April 27, 1998, a pretrial conference was held, however, on or about February 16, 1999, plaintiffs filed a motion for reference to arbitration. On February 19, 1999, an order was entered granting plaintiffs' motion. Thereafter, on or about August 17, 1999, plaintiffs filed a praecipe to discontinue this matter as to Tri-County. Thereafter, a board of arbitrators heard this matter and awarded plaintiffs $25,000 on each of the four remaining counts of their complaint. Defendant appealed said award and the matter was placed on the civil trial list. Thereafter, defendant filed the motion for summary judgment now before this court, and on July 17, 2001, we heard oral argument thereon.

Defendant advances three arguments in support of the motion for summary judgment. Defendant first argues that it is entitled to judgment as a matter of law because as a local agency, it is immune from suit under section

8541 of the judicial code pertaining to governmental immunity. Defendant next argues that it is entitled to judgment as a matter of law because all of the communications which gave rise to the instant action are privileged. Finally, defendant argues that it is entitled to judgment as a matter of law because plaintiffs have suffered no losses and are entitled to no damages.

## DISCUSSION

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, if any, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Stevens Painton Corp. v. First State Insurance Co.,* 746 A.2d 649 (Pa. Super. 2000); *Davis v. Resources for Human Development Inc.,* 770 A.2d 353 (Pa. Super. 2001).

Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Davis v. Resources for Human Development,* 770 A.2d 353 (Pa. Super. 2001). The non-moving party must adduce sufficient evidence on issues essential to its case on which he bears the burden of proof such that a jury could return a verdict in its favor. *Ertel v. Patriot-News Co.,* 544 Pa.

93, 674 A.2d 1038 (1996), *reargument denied,* (1996), *certiorari denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996); *O'Rourke v. Pennsylvania Department of Corrections,* 730 A.2d 1039 (Pa. Commw. 1999). If there are no material issues of fact or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *allocatur denied,* 532 Pa. 663, 616 A.2d 985 (1992).

The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore,* 152 Pa. Commw. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Commonwealth of Pennsylvania,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990). For summary judgment purposes, a "material fact" is one that directly affects the outcome of the case. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000); *Kenney v. Jeanes Hospital,* 769 A.2d 492 (Pa. Super. 2001). In passing on a motion for summary judgment, the court must examine the record in a light most favorable to the non-movant and resolve any doubt in his favor. *Swartley v. Hoffner,* 734 A.2d 915 (Pa. Super. 1999), *allocatur denied,* 561 Pa. 660, 747 A.2d 902 (1999); *Doe v. Philadelphia Community Health Alternatives AIDS Task Force,* 745 A.2d 25 (Pa. Super. 2000), *allocatur granted in part,* 563 Pa. 125, 758 A.2d 166 (2000), *affirmed,* 564 Pa. 264, 767 A.2d 548 (2001).

The moving party has the burden of proving the nonexistence of any genuine issue of fact; the non-moving

party must demonstrate that there is a genuine issue for trial. *Davis v. Resources of Human Development,* 770 A.2d 353 (Pa. Super. 2000). The party moving for summary judgment may not rely solely on its own testimonial affidavits or depositions or those of its witnesses to establish the non-existence of a genuine issue of material fact. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992), *allocatur denied,* 532 Pa. 663, 616 A.2d 985 (1992). With the above rules in mind, we will now consider defendant's motion for summary judgment to plaintiffs' complaint.

Defendant first argues that it is entitled to judgment as a matter of law pursuant to the Political Subdivision Tort Claims Act. In support of its position, defendant argues that as a nonprofit corporation duly created pursuant to relevant law, and because it is the legally recognized official animal care and control society for Dunbar Township, Fayette County, it is entitled to local agency immunity.

Plaintiff disagrees and argues to the contrary that defendant is not a local agency entitled to assert governmental immunity under the Act. This court in considering defendant's motion for summary judgment must first determine whether defendant is a local agency and therefore entitled to judgment as a matter of law.

The purpose behind the enactment of the Political Subdivision Tort Claims Act was to insulate political subdivisions from liability, except for injuries sustained in accordance with one of the specific exceptions listed within the Act. *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991).

42 Pa.C.S. §8541 provides:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

42 Pa.C.S. §8501 defines "local agency" as a governmental unit other than the Commonwealth government. The term includes an intermediate unit. "Government unit" has been defined as "any government agency . . . " and that term has been defined as "any political subdivision, municipal authority or other local authority." See *Modern Shoppers World—Mount Airy Corp. v. Philadelphia Gas Works,* 164 Pa. Commw. 257, 643 A.2d 136 (1994), *allocatur denied,* 539 Pa. 683, 652 A.2d 1327 (1994).

In *Community College v. Seibert,* 144 Pa. Commw. 616, 601 A.2d 1348 (1992), *allocatur granted,* 530 Pa. 658, 608 A.2d 32 (1992), *affirmed,* 533 Pa. 314, 622 A.2d 285 (1993), our Commonwealth Court summarized these definitions as follows:

"A local agency, therefore, includes a government unit other than the Commonwealth government. A government unit includes any government agency, which in turn is defined as any political subdivision or municipal or other local authority." *Community College v. Seibert,* 144 Pa. Commw. 616, 622, 601 A.2d 1348, 1351 (1992), *allocatur granted,* 530 Pa. 658, 608 A.2d 32 (1992), *affirmed,.*533 Pa. 314, 622 A.2d 285 (1993).

Our Commonwealth Court has stated that an agency of a local government includes only traditional units of

government: cities, boroughs, counties, authorities, etc., as well as school districts. *Modern Shoppers World— Mount Airy Corp. v. Philadelphia Gas Works,* 164 Pa. Commw. 257, 643 A.2d 136 (1994), *allocatur denied,* 539 Pa. 683, 652 A.2d 1327 (1994). The court further stated that, "for purposes of tort immunity, an agency of a local government is one that has no independent legal existence, but is merely part of the organizational structure of that local government of authority." See also, *Hough v. PennDOT,* 155 Pa. Commw. 162, 624 A.2d 780 (1993), *allocatur denied,* 538 Pa. 613, 645 A.2d 1316 (1993), *reconsideration denied,* (1993).

In support of its position that it is entitled to local agency immunity, defendant relies on *Kniaz v. Benton Borough,* 164 Pa. Commw. 109, 642 A.2d 551 (1994). In *Kniaz,* the court considered the issue of whether or not a volunteer fire company can assert governmental immunity under the Political Subdivision Tort Claims Act. There, the plaintiff was injured when a picnic table overturned in a public park while she was attending a volunteer fire company picnic. The fire company asserted local agency immunity under the Political Subdivision Tort Claims Act. The Commonwealth Court held that local agency immunity under the Act applied to the volunteer fire department provided that two requirements are met: (1) the volunteer fire department must have been a nonprofit corporation duly created pursuant to relevant law; and (2) it must be legally recognized as the official fire company for a political subdivision. Defendant argues that because it is a nonprofit corporation duly created pursuant to relevant law, and because it is legally

recognized as the official animal care and control society for Dunbar Township, Fayette County, that it satisfies the requirements and is, therefore, entitled to protection under the Political Subdivision Tort Claims Act and judgment as a matter of law. We do not agree. A thorough review of cases addressing the issue of local agency immunity under the Political Subdivision Tort Claims Act reveals that these factors have only been considered when the local agency asserting immunity is a volunteer local fire department. Because we believe that the factors enunciated in *Kniaz* are limited solely to determinations involving the local agency status of volunteer fire departments, we must reject defendant's argument that the same apply here.

Further, our research has revealed no instances where a defendant, such as the one now before this court has been afforded local agency status under the Political Subdivision Tort Claims Act. Accordingly, because summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law, and because all doubts must be resolved against the moving party, we must Deny defendant's motion for summary judgment based on its claim that it is entitled to local agency immunity under the Political Subdivision Tort Claims Act.

Defendant next argues in support of its motion for summary judgment that it is entitled to judgment as a matter of law because any statements made by the defendant are privileged. Further, defendant argues that since the statements made by Paul Perry which gave rise to the instant action were determined to be privileged by

order of Judge John F. Wagner Jr., dated December 18,1995, the plaintiffs' entire complaint should be dismissed.

We initially note that both at the time of oral argument on this matter and in their brief, plaintiffs' counsel agreed that the statements in the citations prepared by officers of the defendant are privileged and that Count IV of plaintiffs' complaint should be dismissed. We agree and believe that defendant is entitled to judgment as a matter of law to the defamation claim contained in Count IV of plaintiffs' complaint. However, the privilege applies to communications and therefore does not extend to the malicious prosecution and invasion of privacy claims contained in plaintiffs' complaint. We, therefore, Grant defendant's motion for summary judgment to the defamation claim contained in Count IV of plaintiffs' complaint.

Defendant next argues in support of its motion for summary judgment that it is entitled to judgment as a matter of law because plaintiffs have suffered no actual losses and are unable to show that they are entitled to any damages.[1]

---

1. In support of their claim, defendant has attached a portion of the arbitration hearing transcript. However, in ruling on a motion for summary judgment, a court can only consider the evidence *of record* in its determination of the existence of issues of material fact. Pa.R.C.P. 1035.1 defines the word "record" as including (1) pleadings; (2) discovery materials, *i.e.,* depositions, answers to interrogatories, admissions and affidavits; (3) reports signed by an expert witness that would, if filed, comply with Rule 4003.5(a)(1), whether or not the reports have been produced in response to interrogatories. Accordingly, we will not consider the same.

Plaintiffs argue to the contrary that their damages claims are fully supported by the facts of record in this case and that these damages directly resulted from the defendant's actions. After reviewing the record in this matter in a light most favorable to plaintiffs, and after resolving all doubt in their favor, we believe that there are genuine issues of material fact regarding plaintiffs' damages that are sufficient to preclude the entry of summary judgment. We must, therefore, Deny defendant's motion for summary judgment based on defendant's claim that plaintiffs have suffered no actual losses and are unable to show that they are entitled to the same.

## ORDER

And now, August 30, 2001, upon consideration of the motion for summary judgment filed on behalf of defendant The Fayette Society for the Prevention of Cruelty to Animals Inc., to plaintiffs' complaint, and upon further consideration of the record, applicable law, briefs, arguments and submissions of counsel, it is hereby ordered and decreed that defendant's motion is granted in part and denied in part. Defendant's motion for summary judgment is granted only to the defamation claim contained in Count IV of plaintiffs' complaint. Summary judgment is denied to the remaining counts of plaintiffs' complaint.

## ORDER

And now, August 30, 2001, upon consideration of the plaintiffs' motion to dismiss the motion for summary judgment filed on behalf of defendant Fayette Society

for the Prevention of Cruelty to Animals Inc., and upon further consideration of the record, applicable law, and the opinion and order filed herewith granting in part and denying in part defendant's motion for summary judgment, it is hereby ordered and decreed that plaintiffs' motion to dismiss is denied.